UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAHVED MALIK LILLACALENIA                                                                    PLAINTIFF

v.                                                                        Civil Action No. 3:24-cv-162-RGJ

LIFE STORAGE INC.                                                                            DEFENDANT

\* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Dhaved Malik Lillacalenia filed the instant *pro se* action.  Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2).  For the following reasons, the action will be dismissed.

### I.

Plaintiff filed the complaint on a civil complaint form.  [DE 1].  He sues Defendant Life Storage Inc. and lists in another part of his complaint as a separate Defendant, Extra Space Storage. [*Id.* at 2].  In the "Basis for Jurisdiction" section of the form, Plaintiff writes, "14 Amendment, . . . 18 U.S.C. 641/242[,] 42 U.S.C. 1983—8th Amendment."  [*Id.* at 4].  In the "Statement of the Claim" section of the complaint form, Plaintiff alleges that "Defendant violates the Plaintiffs Rights by – illegally selling/disposing personal property which was non Abandoned – As well as insurance fraud."  [*Id.* at 5].  Plaintiff further states that "Plaintiff submitted Notice of Vacate; it was not honored.  Failure to follow Due Process of Evict by the Defendant(s) business."  [*Id.*]. Plaintiff indicates that he seeks 5 million as relief.  [*Id.* at 6].

### II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

**A. 42 U.S.C. § 1983 Claims**

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendants in this case are private actors. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam); *Santiago v. Chill*, No. 3:21-CV-720-RGJ, 2023 WL 2355903, at *4 (W.D. Ky. Mar. 3, 2023).

Therefore, Plaintiff's Eighth and Fourteenth Amendment claims, which are brought pursuant to 42 U.S.C. § 1983, must be dismissed for failure to state a claim upon which relief may be granted.

**B. 18 U.S.C. §§ 242 and 641**

Plaintiff alleges violations of 18 U.S.C. §§ 242 and 641 which are criminal statutes that do not give rise to any private civil cause of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). "Where a statute does not include this sort of explicit 'right- or duty-creating language,' [courts] rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002); *see also*, *e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242); *Adkins v. Benard*, No. 8:20-CV-2627-SDM-CPT, 2021 WL 11645461, at *5 (M.D. Fla. Nov. 30, 2021) (concluding that 18 U.S.C. § 641 creates no private right of action).

To the extent Plaintiff's citation of these criminal statutes might be read to seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Consequently, Plaintiff's claims based on these statutes will be dismissed for failure to state a claim.

**C. Remaining Motions**

Because this action is being dismissed, Plaintiff's remaining motions [DE 4, DE 6] will be denied.

**IV.**

Accordingly, the Court will dismiss this action by separate Order.

Date: May 1, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
A961.014